Leslie T. Gladstone, Esq.  (SBN 144615)
Christin A. Batt, Esq.  (SBN 222584)
FINANCIAL LAW GROUP
401 Via Del Norte
La Jolla, CA 92037
Telephone: (858) 454-9887
Facsimile:  (858) 454-9596

Attorneys for Leslie T. Gladstone, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.: 10-11927-LT7 |
| JAMES CHESTER WESEMAN and LORI MORSE WESEMAN, | Adv. No.: |
| Debtors. | **COMPLAINT FOR TURNOVER OF PROPERTY OF BANKRUPTCY ESTATE; ACCOUNTING; AND DISALLOWANCE OF CLAIM** |
| LESLIE T. GLADSTONE, Chapter 7 Trustee, | [11 U.S.C. §§ 502, 542] |
| Plaintiff, | Date:     None Set |
| v. | Time:     None Set<br>Dept:     Three (3)<br>Honorable Laura S. Taylor |
| INVIVOSCRIBE TECHNOLOGIES, INC., a California corporation, | |
| Defendant. | |

Plaintiff Leslie T. Gladstone, the chapter 7 trustee (the "**Trustee**" or "**Plaintiff**") in the bankruptcy case of debtors James Chester Weseman and Lori Morse Weseman (collectively, the "**Debtors**"), by and through her counsel, as and for her Complaint against defendant Invivoscribe Technologies, Inc. ("**Defendant**"), respectfully alleges on behalf of the estate of the Debtors as follows:

/ / /

/ / /

## JURISDICTION AND VENUE

1. This proceeding arises in the bankruptcy case *In re James Chester Weseman and Lori Morse Weseman*, Case No. 10-11927-LT7 (the "**Case**"), which was commenced on July 6, 2010 (the "**Petition Date**"), when the Debtors filed a voluntary petition under chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of California (the "**Court**").

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Sections 157 and 1334 and the Bankruptcy Code.

3. This adversary proceeding is a core proceeding under 28 U.S.C. Section 157(b) and this Court may, consistent with Article III of the Constitution, enter final orders or judgments and conduct a trial absent consent of the parties. If it is determined that this Court may not enter final orders or judgments or conduct a trial absent consent of the parties, Plaintiff hereby so consents.

4. Venue is proper in the Southern District of California pursuant to 28 U.S.C. Section 1409 because the Debtor's Case is pending in this Court.

## PARTIES

5. Plaintiff is the chapter 7 trustee in this Case and was appointed by the United States Trustee for the Southern District of California on or about the Petition Date to represent the interests of the Debtor's estate (the "**Estate**") in connection with the Debtors' Case.

6. Plaintiff is informed and believes and thereon alleges that Defendant is a California corporation with its principal place of business located in San Diego, California.

## GENERAL ALLEGATIONS

7. Plaintiff is informed and believes and thereon alleges that, as of the Petition Date, debtor James Chester Weseman was the record owner of 467,000 shares of stock in Defendant (the "**Stock**").

8. Plaintiff is informed and believes and thereon alleges that the Stock is property of the Estate.

9. Plaintiff is informed and believes and thereon alleges that, in addition to the Stock, any dividends or other amounts paid to or owed to Debtors since the Petition Date with respect to the

Stock, any claims and rights of Debtors arising from the ownership of the Stock, and the proceeds from any sale of the Stock, is property of the Estate.

10. To the extent that Defendant has filed a proof of claim in the Debtors' Case or has otherwise requested payment from the Debtors, the Estate, or the Trustee (collectively, the "**Claims**"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to such Claims for any reason, including, but not limited to, 11 U.S.C. Section 502, and such rights are expressly reserved. Notwithstanding this reservation of rights, Plaintiff seeks certain relief under 11 U.S.C. Section 502 as set forth below.

## FIRST CLAIM FOR RELIEF

### Turnover of Property of the Estate — 11 U.S.C. § 542

11. Plaintiff realleges and incorporates by reference in this claim for relief Paragraphs 1 through 10 of this Complaint as though fully set forth herein.

12. Plaintiff is informed and believes and thereon alleges that Defendant is currently in possession, custody, or control of the Stock, which is property that Plaintiff may use, sell, or lease under 11 U.S.C. Section 363.

13. Plaintiff is entitled to recover the Stock for the benefit of the Estate.

14. Pursuant to 11 U.S.C. Section 542, Defendant is required to deliver such Stock to Plaintiff, and is required to take all action required to formally and properly release, transfer, and convey the Stock to Plaintiff.

## SECOND CLAIM FOR RELIEF

### Accounting and Turnover of Records and Information — 11 U.S.C. § 542

15. Plaintiff realleges and incorporates by reference in this claim for relief Paragraphs 1 through 14 of this Complaint as though fully set forth herein.

16. Pursuant to 11 U.S.C. Section 542, Defendant is required to provide documentation and an accounting of the value of the Shares and the Debtors' interest therein. Plaintiff is also entitled to all records and information legally required to be provided to owners of stock under applicable state and federal law.

17. Prior to filing this Complaint, Plaintiff requested such an accounting from Defendant.

18. Plaintiff is entitled to an Order requiring Defendant to provide such an accounting, information, and records.

### THIRD CLAIM FOR RELIEF

### Disallowance of Claim – 11 U.S.C. § 502(d)

19. Plaintiff realleges and incorporates by reference in this claim for relief Paragraphs 1 through 18 of this Complaint as though fully set forth herein.

20. Plaintiff is informed and believes and thereon alleges that Defendant is an entity from which property is recoverable under 11 U.S.C. Section 542.

21. Plaintiff is informed and believes and thereon alleges that Defendant has not turned over such property to Plaintiff for which Defendant is liable under 11 U.S.C. Section 542 as set forth in the First and Second Claims for Relief above.

22. Any and all Claims of Defendant and/or its assignees against the Estate must be disallowed until such time as Defendant turns over to Plaintiff all such property.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

On the First Claim for Relief:

1. For an Order, pursuant to 11 U.S.C. Section 542, requiring Defendant to deliver all property in its possession owned by Debtors, including, but not limited to, the Stock owned by Debtors, and any dividends that have accrued since the Petition Date;

2. For an Order requiring that Defendant take all action necessary and required to formally and properly release, transfer, and convey the Stock to Plaintiff; and

3. For such other relief as the Court deems necessary and proper.

On the Second Claim for Relief:

4. For an Order requiring Defendant to provide Plaintiff with an accounting of Debtors' interest in and the value of all property of the Estate held by Defendant, including, but not limited to, Debtors' interest in the Stock;

5. For an Order requiring Defendant to provide Plaintiff with all records and information to which a shareholder is legally entitled under applicable state and federal law; and

6. For such other and further relief as the Court deems just and proper.

<u>On the Third Claim for Relief</u>:

7. For a judgment disallowing any Claims of Defendant and/or its assignee(s) against the Debtors' Estate to the extent provided for under 11 U.S.C. Section 502(d); and

8. For such other and further relief as the Court deems just and proper.

<u>As of All Claims for Relief</u>:

Plaintiff seeks prejudgment and postjudgment interest, attorneys' fees, costs of suit, collection costs thereafter, and all other amounts allowed by law.

                FINANCIAL LAW GROUP

Dated: February 4, 2014                By:   /s/ Christin A. Batt
                                                  Christin A. Batt, Esq.
                                                  Attorneys for Leslie T. Gladstone, Trustee