Jeffry A. Davis (SBN 103299)
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel:   858-314-1500
Fax:   858-314-1501
Email: jdavis@mintz.com

Special Corporate Counsel for
Leslie T. Gladstone, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## Southern District of California

| | |
|---|---|
| In re | Case No. 10-11927-LT7 |
| JAMES CHESTER WESEMAN and LORI MORSE WESEMAN, | Chapter 7 |
| Debtors. | **MOTION FOR ORDER ESTABLISHING BIDDING AND SALE PROCEDURES** |
| | Date:    January 14, 2016<br>Time:    10:00 a.m.<br>Dept.:   3<br>Judge:   Laura S. Taylor |

Leslie T. Gladstone, chapter 7 trustee ("Trustee") for the estate of James Chester Weseman and Leslie Morse Weseman (the "Debtors"), hereby moves (the "Motion") this Court for an order establishing bidding and sale procedures in connection with the sale of 467,000 shares of Invivoscribe Technologies, Inc. common stock free and clear of interests, liens and encumbrances pursuant to section 363.

## I.

## BACKGROUND

**A.    The Debtors and Shares of Stock Owned**

On July 6, 2010, the Debtors filed a petition under chapter 7 of the Bankruptcy Code. Leslie T. Gladstone was appointed as the chapter 7 trustee. (Dkt. No. 7.) The Debtors own 467,000 shares of Invivoscribe Technologies, Inc. ("Invivoscribe") common stock (the "Stock").

44490977v.1

### B.     Offer to Purchase the Stock

The Trustee has received an offer from Jeffrey Miller, PhD. ("Miller"), Founder, Chairman of the Board, President, Chief Executive Officer and Chief Science Officer of Invivoscribe, to purchase the Stock for $57,000.00 (the "Miller Bid"). The Trustee and Miller entered into an Agreement for Purchase and Sale of Stock (the "Agreement"), a copy of which is attached hereto as **Exhibit A**, which sets forth the terms and conditions of the sale of the Stock to Miller. The sale of the Stock to Miller is subject to overbid and bankruptcy court approval. The Agreement provides that if the stock is sold to an overbidder or any person other than Miller (or his designee), the Trustee shall pay a $3,000 break-up fee to Miller (the "Break-Up Fee"). To the Trustee's knowledge, the Stock is free and clear of liens, encumbrances and interests.

## II.

## THE PROPOSED BIDDING AND SALE PROCEDURES

The Trustee believes that the following bidding and sale procedures (the "Bidding Procedures") constitute the best method to maximize the proceeds from the sale of the Stock.

### A.     Marketing Procedures

The Trustee is in the process of contacting third parties previously expressing an interest in purchasing miscellaneous assets from bankruptcy estates. The Trustee will also notify the other shareholders of Invivoscribe of the opportunity to make overbids for the purchase of the Stock. In addition, the Trustee will advertise the sale on the National Association of Bankruptcy Trustees website. The Trustee requests that this Court determine that such marketing is reasonable and appropriate in connection with the sale.

### B.     Bidding Procedures

1.     The Trustee intends to conduct an auction sale of the Stock, as set forth below, to determine the highest and best sale price for the Stock. The Trustee will only consider bids that meet the requirements set forth in the bidding procedures below, as may be approved by the bankruptcy court, and that are submitted by a bidder who satisfies the criteria for becoming a qualified bidder (a "Qualified Bidder'). Bidders desiring to become a Qualified Bidder will be required to submit the following on or before **noon (Pacific Time)** on the **fourth business day prior**

-2-

44490977v.1

**to the Auction**: (a) information concerning the bidder's financial ability to complete the proposed purchase of the Stock by not later than **February 19, 2016** on substantially the same terms and conditions as set forth in the Agreement; and (b) a cashier's check in the amount of $10,000 (a "Deposit").

2.     The Trustee reserves the right, in her reasonable business judgment, to determine whether a person is a Qualified Bidder. The Trustee shall notify each party who has submitted the required information and Deposit whether that person is a Qualified Bidder no later than three business days prior to the Auction. Miller has satisfied these requirements and is a Qualified Bidder.

3.     All due diligence, if any, in connection with the Stock and Invivoscribe must be completed prior to the Auction.

**C.     Auction Procedures**

1.     An auction sale of the Stock (the "Auction") will be conducted **two business days prior to the Sale Hearing at 10:00 a.m. (Pacific Time)** at the offices of Mintz Levin Cohn Ferris Glovsky and Popeo, P.C., 3580 Carmel Mountain Road, Suite 300, San Diego, California 92130, or such other place as the Court so directs. Qualified Bidders and their representatives may participate in the Auction by telephone or in person. Only Qualified Bidders and their representatives may participate in the Auction. The Trustee may continue or adjourn the Auction from time to time with the announcement of the first adjournment to the made at the original Auction date.

2.     The initial overbid at the Auction will be $62,000 (the "Initial Overbid"). Overbids, after the Initial Overbid, must be in increments of at least $1,000. All overbids are binding. Any bidders submitting overbids will bear their own expenses in connection with the submission of overbids, the Auction and the sale, regardless of whether the sale is approved.

3.     Bidding at the Auction will continue until the Trustee determines, in her business judgment and discretion and subject to confirmation by the Court, the highest and best overbid (the "Recommended Overbid"). The Recommended Overbid and the second-highest Overbid (such bid, the "Back-Up Bid" and such bidder, the "Back-Up Bidder") will be irrevocable until the later of (a) three business days after the Closing Date; or (b) the closing of the sale to the bidder which submitted Recommended Overbid.

-3-

44490977v.1

4. Before the conclusion of the Auction, the individual or entity that is determined to have made the Recommended Overbid shall complete and sign all agreements, contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Recommended Overbid was made.

5. Each Qualified Bidder participating in the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale.

6. The Trustee may make reasonable revisions or additions to these Bidding Procedures at the Auction.

**D. Sale Procedures**

1. The Trustee requests that the Court schedule a hearing (the "Sale Hearing") to consider entry of an order (the "Sale Order") approving of the sale of the Property to the Recommended Overbid (as defined below) or to Miller, if no overbids are made by a Qualified Bidder not later than **February 12, 2016**.

2. At the Sale Hearing, the Court may approve the sale of the Property (such approved bid, the "Successful Bid" and such bidder, the "Successful Bidder"). Due to Miller's requirement that the sale be consummated promptly due to the inherent uncertainty of stock prices in general, the Trustee requests that any sale order specifically waive Federal Rule of Bankruptcy Procedure 6004(h).

3. If a Qualified Bidder is not the Successful Bidder or the Back-Up Bidder, as determined by the Court at the Sale Hearing, the Deposit made by such Qualified Bidder will be returned within fifteen days after entry of the Sale Order or a final order denying a sale.

4. The Successful Bidder will be required to close no later than (a) if the stay provided for by Federal Rule of Bankruptcy Procedure 6004(h) is not waived, the first business day after the Sale Order becomes final and non-appealable and all closing conditions in the Successful Bidder's purchase agreement are satisfied or waived; or (b) if the stay provided for by Federal Rule of Bankruptcy Procedure 6004(h) is waived, the first business day after entry of the Sale Order on which all closing conditions in the Successful Bidder's purchase agreement are satisfied or waived (the earlier of which shall be referred to as the "Closing Date"). In the event that the sale to the

-4-

44490977v.1

Successful Bidder is not consummated on or before the Closing Date, the Trustee will have the right to accept the Back-Up Bidder's Bid and consummate the sale with the Back-Up Bidder without further order of this Court.

5. The Trustee shall have the right to retain the Deposits of the Successful Bidder (which Deposit shall be applied by the Trustee against to the purchase price to be paid by the Successful Bidder on or before the Closing Date) and the Back-Up Bidder until three business days after the later of the Closing Date or the date the sale closes. If the Successful Bidder does not close the sale transaction on or before the Closing Date for any reason other than the Trustee's failure or inability to be able to close on the sale, the Successful Bidder shall forfeit the Deposit and the Back-Up Bidder will then be required to close no later than three business days after it receives notification by the Trustee of the failure of the Successful Bidder to close. If the Back-Up Bidder refuses to close for any reason other than the Trustee's failure or inability to close, it shall forfeit its Deposit.

## III.

## CONCLUSION

WHEREFORE, the Trustee requests that the Court enter an order:

1. Approving the Bidding Procedures and the Sale Procedures;
2. Scheduling the sale hearing to occur on or before February 12, 2016;
3. Approving a Break-Up Fee in the amount of $3,000 to Miller; and
4. Granting such other and further relief as is just and proper.

Dated: December 16, 2015

/s/ Jeffry A. Davis
Jeffry A. Davis
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**

Attorneys for
Leslie T. Gladstone, Chapter 7 Trustee

-5-

44490977v.1